1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRANDON FAVOR,                        No.  1:17-cv-00944-JLT (HC)

12              Petitioner,                **ORDER REQUIRING PETITIONER TO
                                           SHOW CAUSE WHY PETITIONER**
13                                         **SHOULD NOT BE DECLARED A**
         v.                                **VEXATIOUS LITIGANT**
14
                                           **[TEN-DAY DEADLINE]**
15   SHARON WIMFROY, et al.,

16              Respondents.

17

18                              **BACKGROUND**

19         Petitioner Brandon Alexander Favor (aka Brandon Favor-El) is currently incarcerated at

20   California Correctional Institution in Tehachapi, California.  He has filed the instant petition for

21   writ of habeas corpus pursuant to 28 U.S.C. § 2254.

22         On July 30, 2008, a jury convicted Petitioner of one count of first degree murder, two

23   counts of attempted murder, and two counts of second degree robbery.  On April 7, 2009, the Los

24   Angeles County Superior Court sentenced him to an indeterminate term of life without the

25   possibility of parole on the murder count and consecutive life terms on the two counts of

26   attempted murder.

27         Favor is well known to this Court.  Since 2013, Favor has filed at least twenty-seven

28   habeas petitions and thirteen § 1983 complaints in the Eastern District of California, as well as

                                           1

1  numerous additional petitions and complaints in the Central and Southern Districts of California.

2  For reasons discussed below, these petitions have been dismissed or transferred.  In addition, he

3  has attempted to file countless other pleadings which were rejected by the Court and returned to

4  him for clear deficiencies rendering them ineligible to be filed.

5      Petitioner has been declared a vexatious litigant in the Central District of California.  See

6  Favor v. Harper, 2017 WL 132830 (C.D. Cal. Jan. 13, 2017).  For reasons discussed below, the

7  Court **ORDERS** Petitioner to show cause why he should not be declared a vexatious litigant in

8  this district as well.

9                              **DISCUSSION**

10  A .    Preliminary Review of Petition

11     Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

12  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

13  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

14  The Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicates

15  that the Court may dismiss a petition for writ of habeas corpus on its own motion under Rule 4.

16  However, a petition for writ of habeas corpus should not be dismissed without leave to amend

17  unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v.

18  Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

19  B.    Problems with Dismissed and Pending Habeas Corpus Petitions

20     All of Favor's previous federal habeas corpus petitions that this Court has reviewed suffer

21  from numerous procedural and substantive problems which make them subject to dismissal.  This

22  petition is no different.

23     Of the petitions and complaints Petitioner has filed, all of them are incoherent, vague,

24  rambling, and conclusory.  Some of them are unsigned.  A petition for writ of habeas corpus must

25  specify the grounds for relief; state facts supporting each ground; state the relief requested; be

26  printed, typewritten, or legibly handwritten; and be signed under penalty of perjury.  See Rule

27  2(c) of the Rules Governing Section 2254 Cases.  The petition must be on the form approved by

28  the Court or must substantially follow the form.  See Rule 2(d) of the Rules Governing Section

2254 Cases.  The petition must make specific factual allegations that would entitle the petitioner to relief if they are true.  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  Summary dismissal is appropriate if the allegations in the petition are vague, conclusory, palpably incredible, or patently frivolous or false.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

All of the petitions fail to state cognizable claims for relief under federal law.  Title 28 U.S.C. § 2241(c) provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  Title 28 U.S.C. § 2254(a) states, "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  To succeed in a petition pursuant to § 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).  None of the petitions allege a violation of the Constitution or federal law, or argue that the petitioner is in custody in violation of the Constitution or federal law.  While there is mention of due process and innocence, no actual, cognizable claims are presented.  None of the petitions show how the adjudication of the claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.

Many of the petitions do not name a proper respondent.  Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases, if the petitioner is in custody under a state court judgment, he must name as respondent the state officer who has custody.  See also Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).  Failure to name a proper respondent requires dismissal for lack of jurisdiction.

Petitioner has repeatedly filed petitions in this Court challenging his Los Angeles County

conviction.  The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).  Despite being advised that the Central District of California is the proper district to challenge his Los Angeles County conviction, and regardless of the fact that all of these petitions are then transferred to the Central District, Petitioner continues to file petitions in this district challenging his Los Angeles conviction.

In addition, a district court must dismiss any claim presented in a second or successive § 2254 petition that was presented in a prior application. 28 U.S.C. § 2244(b)(1). A district court must also dismiss any claim presented in a second or successive § 2254 petition unless (1) the applicant shows that "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,'" or (2) the factual predicate for the claim could not have been discovered previously with due diligence and the facts underlying the claim, if proven and reviewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Petitioner guilty of the underlying offense.  See 28 U.S.C. § 2244(b)(2).  The Court has dismissed numerous petitions as successive because Petitioner continues to file petitions challenging his Los Angeles conviction, yet Petitioner continues to file them.

Petitioner has also filed several petitions presenting himself as an attorney or paralegal filing on behalf of another inmate.  He is not an attorney and may not act on behalf of himself or another party proceeding pro se.  The privilege to proceed pro se is personal to the litigant and does not extend to other parties or entities acting on his behalf.  See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008).  "[A] non-attorney may appear only in her own behalf."  Cato v. United States, 70 F.3d 1103, 1105 n. 1 (9th Cir. 1995).  Although a person who is not an attorney may appear pro se on his own behalf, see 28 U.S.C. § 1654, "he has no authority to

appear as an attorney for others than himself." McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966). Although he has been repeatedly counseled regarding his attempts to represent others, he persists on filing such petitions. In addition, on some occasions he has acted deceitfully. In clear attempts to circumvent the Court's screening of his petitions and complaints, he has impersonated other individuals and employees of law firms. For example, in Case No. 1:16-cv-01901-MJS-HC, he filed a petition on behalf of Inmates Lakon Lee Larrimore and Johnathan Banks. In the heading, he included "Cochran Law Firm," an actual law firm doing business in Los Angeles, California, and nationwide. The Cochran Law Firm was also listed in the proof of service. Instead of naming an attorney and specifying his or her bar number, the filer is indicated as, "Favor-G60488-Legal Assistant." In actuality, "G60488" is the prisoner number assigned to Petitioner by the California Department of Corrections and Rehabilitation.

Petitioner has also failed to demonstrate exhaustion of his state remedies. A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Of the petitions filed in this Court, none allege that the petitioner has ever presented any claim to the California Supreme Court. Even if the court could somehow conclude that the petition articulated a cognizable federal habeas claim, in the absence of the California Supreme Court's having been given a full and fair opportunity to consider the claim, any such claim would be unexhausted.

C.   Vexatious Litigant Standard

A district court has the power under the All Writs Act to enjoin litigants who have lengthy histories of abusive litigations. See 28 U.S.C. § 1651. Federal courts possess the inherent power to "regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances." Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting DeLong v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990)). "Flagrant

1    abuse of the judicial process cannot be tolerated because it enables one person to preempt the use

2    of judicial time that properly could be used to consider the meritorious claims of other litigants."

3    DeLong, 912 F.3d at 1148; see also Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057

4    (9th Cir. 2007).  Enjoining litigants from filing new actions under 28 U.S.C. § 1651(a) is one such

5    restriction that the district court may take.  DeLong, 912 F.2d at 1147.

6          The Court may issue an order declaring a litigant to be a vexatious litigant and require the

7    litigant to seek permission from the Court prior to filing any future suits.  See Weissman v. Quail

8    Lodge Inc., 179 F.3d 1194, 1197 (9th Cir. 1999); DeLong, 912 F.2d at 1146-47.  To issue such

9    order, the Court must ensure that: (1) the petitioner was given adequate notice to oppose a

10    restrictive pre-filing order; (2) there is an adequate record of case filings to show the petitioner is

11    abusing the judicial system; (3) there are substantive findings as to the frivolousness or harassing

12    nature of the petitioner's filings; and (4) the order is narrowly tailored to remedy only the

13    petitioner's particular abuses.  O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990); DeLong,

14    912 F.2d at 1147-49.

15          While the first two requirements are procedural, the latter two are substantive, and a

16    "separate set of considerations" may provide a "'helpful framework'" in "'applying the two

17    substantive factors.'" Ringgold-Lockhart, 761 F.3d at 1062 (quoting Molski, 500 F.3d at 1058).

18    These substantive considerations are: "(1) the litigant's history of litigation and in particular

19    whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in

20    pursuing the litigation, e.g., does the litigant have an objective good faith expectation of

21    prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused

22    needless expense to other parties or has posed an unnecessary burden on the courts and their

23    personnel; and (5) whether other sanctions would be adequate to protect the courts and other

24    parties." Molski, 500 F.3d at 1058 (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir.

25    1986)).  The Ninth Circuit has stated that "[t]he final consideration - whether other remedies

26    'would be adequate to protect the courts and other parties' is particularly important." Ringgold-

27    Lockhart, 761 F.3d at 1062.

28          Petitioner has filed extensive habeas actions in this Court.  His cases have been dismissed

1  or transferred for the above-stated reasons, and they continue to be dismissed or transferred for

2  those reasons.  The Court has repeatedly counseled Petitioner on the proper requirements for

3  filing a federal habeas petition, but he has ignored the Court's orders and continued to file

4  frivolous petitions subject to dismissal, or submit random, frivolous pleadings.  He has also been

5  warned that further attempts to file frivolous actions on his own behalf or on behalf of other

6  prisoners would lead to the court initiating proceedings to declare him a vexatious litigant so as to

7  restrict his ability to file in this court any future actions without court approval.  See, e.g., Case

8  Nos. 1:16-cv-01889-DAD-SKO; 1:16-cv-01912-DAD-EPG.

9  Accordingly, Petitioner **ORDERED** to show cause why he should not be declared a

10  vexatious litigant.  If he is found to be a vexatious litigant, this Court will recommend that a pre-

11  filing order be issued requiring him to obtain leave of court before filing any habeas petition in a

12  new action or any document in a habeas case that is closed and final. Petitioner will be required to

13  submit a copy of the Court's vexatious litigant order and a copy of the proposed filing with any

14  motion seeking leave of court to file a new habeas action or any document in a habeas case that is

15  closed and final.

16  **ORDER**

17  In accordance with the foregoing, Petitioner is **ORDERED TO SHOW CAUSE** why the

18  Court should not deem him a vexatious litigant in light of his repeated filing of frivolous actions.

19  If Petitioner objects to being declared a vexatious litigant, he shall file a response to this Order to

20  Show Cause **within ten days** of the date of service of this Order and shall present any grounds he

21  may have to controvert the Court's above findings.  Petitioner is advised that his failure to

22  respond will result in the Court determining whether he is a vexatious litigant without his

23  analysis.

24
25  IT IS SO ORDERED.

26  Dated:   __July 17, 2017__            _____/s/ Jennifer L. Thurston_
                                          UNITED STATES MAGISTRATE JUDGE
27
28
                                          7